[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-16263
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 06, 2005
THOMAS  K. KAHN
CLERK

D.C. Docket No. 02-02288-CV-B-NE

TOM MCADAMS,

Plaintiff-Appellant,

versus

FRANCIS J. HARVEY,
Secretary of the Army,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Alabama

_____

**(July 6, 2005)**

Before DUBINA, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Tom McAdams, represented by counsel, appeals the district court's grant of summary judgment to the Department of the Army ("Army"), his employer, on his retaliation claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* McAdams argues that the district court erred by determining that he failed to present a *prima facie* case of retaliation with respect to (1) the elimination of his position and transfer to a new position; and (2) his performance appraisal.

"A district court's grant of summary judgment is reviewed *de novo.*" *Rojas v. Florida*, 285 F.3d 1339, 1341 (11th Cir. 2002). A court shall grant summary judgment when the evidence before it shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "When deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences drawn therefrom are reviewed in a light most favorable to the non-moving party." *Rojas*, 285 F.3d at 1341-42 (internal quotations and citation omitted).

Title VII prohibits an employer from discriminating against an employee in retaliation for exercising a right guaranteed thereunder. *See* 42 U.S.C. § 2000e-3(a). "To establish a *prima facie* case of retaliation, a plaintiff must show that (1) []he engaged in protected activity, (2) []he suffered an adverse employment action,

and (3) there was a causal link between the protected activity and the adverse employment action." *Stavropoulos v. Firestone*, 361 F.3d 610, 616 (11th Cir. 2004), *cert. denied*, 125 S. Ct. 1850 (2005). "To be considered an adverse employment action for purposes of Title VII's anti-retaliation provision, the action must either be an ultimate employment decision or else must meet some threshold level of substantiality. Ultimate employment decisions include decisions such as termination, failure to hire, or demotion." *Id.* at 616-17 (internal quotations and citation omitted). In order to meet the threshold of substantiality requirement, an employment action must be "objectively serious and tangible enough to alter the employee's compensation, terms, conditions, or privileges of employment." *Id.* at 617 (internal quotations and citation omitted) (brackets omitted).

To establish the causal connection required by the third prong, the plaintiff must show that "the decision-makers were aware of the protected conduct, and that the protected activity and the adverse action were not wholly unrelated." *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 590 (11th Cir. 2000) (internal quotations and citations omitted). Close temporal proximity may be sufficient to show that the protected activity and the adverse action were not wholly unrelated. *Id.*

Upon review of the record and consideration of the parties' briefs, we find no reversible error.

The district court properly determined that McAdams did not make out a *prima facie* case for retaliation because he failed to establish: (1) a causal connection between his protected activity and his performance evaluation, *see Higdon v. Jackson*, 393 F.3d 1211, 1220-21 (11th Cir. 2004) (holding that a three-month period between the protected activity and the adverse action was insufficient to establish a causal connection in an ADA case and; (2) that the elimination of his position and his transfer to a new position constituted an adverse employment action. Thus, the district court did not err in granting summary judgment for the Army on those claims, and we affirm.

**AFFIRMED.**