[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 16, 2007
THOMAS K. KAHN
CLERK

No. 04-16263
Non-Argument Calendar

D. C. Docket No. 02-02288-CV-B-NE

TOM MCADAMS,

Plaintiff- Appellant,

versus

FRANCIS J. HARVEY,
Secretary of the Army,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Alabama

(January 16, 2007)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before DUBINA, CARNES  and MARCUS, Circuit Judges.

PER CURIAM:

This appeal is before us on remand from the Supreme Court of the United States with instructions to reconsider our panel decision, *McAdams v. Harvey*, 141 Fed. Appx. 802 (11th Cir.), *cert. granted and judgment vacated by*, 126 S. Ct. 2980 (2006), in light of *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S. Ct. 2405 (2006).

After receiving the Supreme Court's mandate, we directed the parties to file supplemental briefs discussing the effect, if any, *Burlington Northern* has on the present case. After consideration of the supplemental briefs, we once again affirm the district court's grant of summary judgment in favor of the Army on McAdams's retaliation claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

In *Burlington Northern*, the Supreme Court considered the scope of the anti-retaliation provision of Title VII, 42 U.S.C. § 2000e-3(a). The Court held that "the anti-retaliation provision does not confine the actions and harms it forbids to those that are related to employment or occur at the workplace," and "the provision covers those (and only those) employer actions that would have been materially adverse to a reasonable employee or job applicant." 126 S. Ct. at 2409. In our earlier decision affirming the district court's grant of summary judgment to the Secretary, we held:

The district court properly determined that McAdams did not make out a *prima facie* case for retaliation because he failed to establish: (1) a causal connection between his protected activity and his performance evaluation, and; (2) that the elimination of his position and his transfer to a new position constituted an adverse employment action. Thus, the district court did not err in granting summary judgment for the Army on those claims, and we affirm.

*McAdams*, 141 Fed. Appx. at 803 (internal citation omitted).

After reviewing the record, we conclude that *Burlington Northern* does not provide a basis for us to alter our decision on McAdams's performance evaluation claim. However, it is applicable to McAdams's job elimination and transfer claim. Despite its applicability, our ultimate decision in this case does not change. This court can affirm a district court's judgment for any reason supported by the record. *Lucas v. W. W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001).

We conclude from the record that McAdams's retaliation-based job abolishment claim fails because there is no genuine issue of material fact about the causal connection and the proffered non-retaliatory reasons for the elimination of McAdams's job and transfer to a lower-paying one. This is sufficient for us to affirm the district court's grant of summary judgment. Accordingly, notwithstanding the Supreme Court's decision in *Burlington Northern*, we affirm the district court's grant of summary judgment in favor of the Secretary.

**AFFIRMED.**